IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIVING SOUL CHIEF ASAN MANUEL MUSTAFAH FEARCE W. YAZOO, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civ. No. 15-214-SLR ) |
| FEDERAL COURT DEFENDANTS, ET AL., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background**. Petitioner filed the instant application for "writ of habeas corpora," which was docketed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (D.I. 1) Filed "in the name of the Yazoo Tribe," and citing canons of law, the application appears to seek the immediate release of the "Divine Bodies" of persons described in the canons of law cited in the application, including "all persons having been unlawfully detained and still currently held while not having completed the sixteenth year of age prior to any conviction of violation of law or precept, regardless of said persons current age." (D.I. 1 at 1) Petitioner asserts that respondents "willing[ly] consent[ed] to commit acts of murder, kidnap in lieu of ransom, fraud, extortion, terroristic threats, false imprisonment, unlawful detainment, malicious harassment, racketeering, deprivation of life, human rights, freedoms, and liberties" in violation of "Can. 1397, Can. 1323 n.1, [and] Can. 1324 n.4." (D.I. 1 at 1) Six of the eight pages of the application, and forty-five of the forty-seven pages of the attachment to the

application, list as respondents various state and federal government officials and members of the judiciary within the State of Delaware. (D.I. 1 at 3-8; D.I. 1-1 at 3-47)

2. **Standard of Review**. Federal courts are required to liberally construe pro se filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

3. **Discussion.** Having reviewed the face of the instant application, the court concludes that summary dismissal is appropriate in this case. The court does not have jurisdiction over the instant proceeding because petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Accordingly, the instant case cannot proceed in this court.

4. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

5. **Conclusion.** For the above reasons, the court will summarily dismiss the instant habeas application for lack of jurisdiction. A separate order shall issue. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: April /0 , 2015

_____
UNITED STATES DISTRICT JUDGE